```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
                                                                 :
DR. GERALD R. FINKEL,                                            :
                                         Plaintiff,              :
                                                                 :   MEMORANDUM AND ORDER
              – against –                                        :   20-CV-4315 (AMD) (RER)
                                                                 :
HIGH VOLT ELECTRIC CORP. OF                                      :
AMERICA,                                                         :
                                                                 :
                                         Defendant.              :
---------------------------------------------------------------- X
```

**ANN M. DONNELLY**, United States District Judge:

The petitioner filed this action against High Volt Electric Corporation of America ("High Volt") on September 15, 2020, seeking confirmation of an arbitration award and reasonable attorneys' fees and costs expended in connection with this action. (ECF No. 1.) In the arbitration, the petitioner sought to recover unpaid contributions and related damages owed by the respondent pursuant to § 502(a)(3) of the Employee Retirement Income Security Act of 1974 and § 301 of the Labor Management Relations Act of 1947. (*Id.*)

The petitioner served High Volt on September 22, 2020, who did not answer or otherwise move with respect to the petition. (ECF No. 10.) On October 30, 2020, the petitioner filed a letter requesting to deem his petition an unopposed motion for summary judgment. (ECF No. 11.) On November 19, 2020, I referred the pending motions to Magistrate Judge Ramon Reyes. On July 7, 2021, Judge Reyes filed a report and recommendation. (ECF No. 12.) On July 29, 2021, the petitioner filed proof of service of the report and recommendation on the respondent. (ECF No. 13.) No party has filed an objection to the report and recommendation, and the time for doing so has passed.

In Judge Reyes' thorough report and recommendation, he recommends that the Court confirm the arbitration award, and award the petitioner $818,120.16 and additionally, both pre- and post-judgment interest. (ECF No. 12 at 12.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept a report and recommendation to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *VOX Amplification Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 369 (E.D.N.Y. 2014).

I have carefully reviewed Judge Reyes' well-reasoned and comprehensive report and recommendation. Except for a minor computation discrepancy, I find no error. Accordingly, I adopt the report and recommendation in its entirety, with the modification reflected below.

## CONCLUSION

The arbitration award is confirmed, and the petitioner is awarded $818,140.16, including:

(1) $566,734.14 in delinquent contributions for payroll and $16,405.22 in interest thereon;

(2) $80,010.84 in delinquent DSP contributions and $1,972.87 in interest thereon;

(3) $18,378.09 in additional interest;

(4) $129,349 in liquidated damages;[1]

(5) $4,250 in fees and costs related to the arbitration;

(6) $600 in attorneys' fees for this petition; and

(7) $440 in related costs;

---

[1] The report and recommendation computes this figure to be $129,329. (ECF No. 12 at 7 n.7.) But based on the formula the report and recommendation identifies—$646,744.98 (amount owed) x .2—I respectfully revise the figure to $129,349.

2

In addition, the petitioner is awarded prejudgment and post-judgment interest. The Clerk of Court respectfully is directed to calculate prejudgment interest on the arbitration award at the rate set forth in Section 6621 of the Internal Revenue Code from August 18, 2020 to the date of this judgment. Post-judgment interest should be calculated at the rate provided by 25 U.S.C. § 1961(a) from the date final judgment is entered until the date the judgment is paid.

**SO ORDERED.**

                                                             s/Ann M. Donnelly

                                                             ANN M. DONNELLY
                                                             United States District Judge

Dated: Brooklyn, New York
           September 1, 2021